**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARQUIS GREEN, | ) | |
|       Plaintiff, | ) | |
| | ) | |
|     v. | ) | C.A. No. 09-18 Erie |
| | ) | |
| SGT. D. WERTZ, et al., | ) | Magistrate Judge Baxter |
|       Defendants. | ) | |

**OPINION AND ORDER**

United States Magistrate Judge Susan Paradise Baxter.

I.    **INTRODUCTION**

    A.    <u>Relevant Procedural and Factual History</u>

Plaintiff Marquis Green, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania [SCI-Albion], brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against: Sgt. D. Wertz, a corrections officer at SCI Albion ("Wertz"); Lt. J.D. Robertson, a corrections officer at SCI-Albion ("Robertson"); and Raymond Sobina, Superintendent at SCI-Albion ("Sobina").

In his *pro se* complaint, Plaintiff alleges that Defendants violated his due process rights under the fourteenth amendment to the United States Constitution by confiscating a digital coaxial cable that he had purchased. In particular, Plaintiff alleges that, on October 3, 2008, he "went to property to pick up [his] new KTV digital TV[, but Defendant] Wertz would not allow [him] to retain the digital coaxial cable that was included in the purchase of the TV and will be necessary for its operation to receive digital signals come 2-17-09." (Complaint at Section IV.C). Plaintiff alleges further that Defendant Wertz failed to issue him a DC-154A confiscation slip and would not allow him to send the cable home "per DOC policy." (<u>Id</u>.). According to Plaintiff, both Defendants Robertson and Sobina reviewed and denied his grievance regarding the confiscation of the cable. (<u>Id</u>.). Plaintiff claims that, without the cable,

1

he "will not be able to use a 'rabbit ears' type antenna to receive digital signals," and, thus, will be "forced to subscribe to the institutional cable system." (Id.). As relief for his claim, Plaintiff seeks monetary damages, and/or the return of his coaxial cable.

On April 10, 2009, Defendants filed a motion to dismiss Plaintiff's claim for failure to state a claim upon which relief may be granted. [Document # 15]. Plaintiff has since filed a brief in opposition to Defendants' motion, essentially restating the allegations of his complaint. [Document # 22]. This matter is now ripe for consideration

### B.     Standards of Review
#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a

'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

    Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible.  This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  **First, the factual and legal elements of a claim should be separated.  The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.**  A complaint has to show such an entitlement with its facts.  As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.  This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 2.     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v.

3

MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.    Discussion

Plaintiff argues that "[i]t is established federal law that no state may deprive a person, including prisoners, of their property without due process pursuant to the Due Process Clause of the 14th Amendment.... The actions of the Defendants is [sic] arbitrary and violative of 42 U.S.C. § 1983 and the due process clause of the 14th Amendment...." (Complaint at p. 4).

The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government. The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing, before the government can deprive an individual of a liberty or property interest. In the context of confiscating an inmate's property, however:

> ... the Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property, Parratt v. Taylor, 451 U.S. 527, 530 (1981), and intentional deprivations of property, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and that requiring a pre-deprivation hearing would be absurd since it would be impossible to determine when a negligent or intentional deprivation of property would occur. Zinermon v. Burch, 494 U.S. 113, 117 (1990). The Court of Appeals has held that the DOC's grievance procedure provides an adequate post-deprivation remedy, see e.g. Tillman v. Lebanon County Corr. Fac., 121 F.3d 410, 422 (3d Cir. 2000), and that the existence of this post-deprivation remedy forecloses any due process claim, Austin v. Lehman, 893 F.Supp. 448, 454 (E.D.Pa. 1995) even if an inmate is dissatisfied with the result of the process. Iseley v. Horn, 1996 WL 510090, at * 6 (E.D.Pa. Sept. 3, 1996). As [the inmate plaintiff] admits to having used the grievance procedure to attempt the

4

> return of his [property], he had access to an adequate post-deprivation remedy and even if there had been a violation of his liberty interest he was not denied the right to due process of law.

Brooks v. DiGuglielmo, 2008 WL 5187529 and * 6 (E.D.Pa. Dec. 9, 2008)(footnote omitted). See also Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008)("[b]ecause prisons are constitutionally required to afford inmates only a post-deprivation remedy, we agree that the defendants' failure to give the inmates prior notice of their intended seizure of their materials did not violate the plaintiffs' Due Process rights"); Banks v. Beard, 2006 WL 2192015 at * 15 (W.D.Pa. Aug. 1, 2006)(regarding inmate plaintiff's claim that he was permanently dispossessed of his property, "[t]he Commonwealth of Pennsylvania provides an adequate post deprivation remedy in the forms of the DOC grievance system and/or a state law tort law suit against the Defendants... [which] satisfy the Fourteenth Amendment's procedural due process guarantee")(citations omitted).

      Here, as in Brooks, Plaintiff admits that he utilized the DOC's grievance process to attempt to obtain the return of his coaxial cable. Thus, he was provided access to an adequate post-deprivation remedy that has been held to satisfy his procedural due process rights, despite the fact that he is dissatisfied with the outcome. Accordingly, Plaintiff's Fourteenth Amendment due process claim against Defendants is without merit and must be dismissed.

## III.   CONCLUSION

      For the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [Document # 15] is GRANTED, and this case is dismissed.

      The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 16, 2009

5